**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| WILLIE REID, # 173-245 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No. WMN-14-2241 |
| | * | |
| WARDEN | * | |
| | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM

Pending is Willie Reid's ("Reid") *pro se* Complaint pursuant to 42 U.S.C. § 1983 (ECF 1), which he supplemented at the direction of the Court. (ECF 2, 3). Defendant Frank B. Bishop, Jr., former Warden of the North Branch Correctional Institution ("NBCI"),[1] by his counsel, has filed a Motion to Dismiss or, in the Alternative Motion for Summary Judgment, (ECF 13) to which Reid has filed an opposition in reply (ECF 18) and a Cross Motion for Summary Judgment with his declaration. (ECF 19). The case is ready for disposition. No hearing is necessary to resolve the pending motions. *See* Local Rule 105.6 (D. Md. 2014).

## BACKGROUND

Reid, an inmate housed at NBCI, is disputing prison policy that allegedly prohibits "all books from coming in" and returns them to their senders. (ECF 3, p. 3). As relief he asks for damages of $1,500. *Id.*

Reid states he has a "constitutional right to receive and obtain educational type of books

---

[1] Richard Miller is presently acting warden at NBCI. *See* http://www.dpscs.state.md.us/locations/nbci.shtml.

as reading material." (ECF 18, p. 1).[2] He asserts prison policy violates Division of Correction Directive # 250-1 "Inmate Mail and Reading Material."[3] Specifically, books sent to him should not have been returned to sender without providing notice to him.

Reid asserts in his opposition that the books available to him in the prison library are "'Urban, Ghetto type of books.' I can not [sic] get a G.E.D. or good paying jobs reading just 'urban type ghetto books.'" *Id.* at 1-2. He states the books he was receiving from the Free Books Literature Prisoners Project included law books, college type dictionaries, world almanacs, encyclopedias, and bible correspondence courses. He states he had to check out "urban and ghetto type books" from the prison library because all the education books must be shared among a "thousand or so" inmates and they were often checked out by other inmates.

**DEFENDANT'S RESPONSE**

Defendant moves for summary judgment on the following grounds:[4] 1) Plaintiff has failed to state a claim upon which relief can be granted; 2) Eleventh Amendment immunity;[5] 3) failure to exhaust administrative remedies;[6] 4) Defendant did not personally participate in the matters alleged; and 5) qualified immunity. (ECF 13, ECF 13-1 pp. 7-8). Defendant has filed an

---

[2] In an Administrative Remedy Procedure request, Reid indicated he received books at no cost from a non-profit organization. (ECF 1, p. 4).

[3] Neither party provided a copy of the directive or described its provisions. To the extent written directives or procedures were not followed to the letter, the adoption of procedural guidelines does not give rise to a liberty interest. Regardless of any alleged violations of internal regulations, the law is settled that the failure to follow a prison directive or regulation does not give rise to a federal claim, if constitutional minima are met. *See Myers v. Kelvenhagen*, 97 F.3d 91, 94 (5th Cir.1996). A failure to follow regulations does not, in and of itself, result in a violation of due process. *See Culbert v. Young*, 834 F.2d 624, 628 (7th Cir. 1987).

[4] Alternatively, Defendant seeks dismissal based on Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. (ECF 13). Although Rule 12(b)(1) is identified as a basis for dismissal in the dispositive motion (ECF 13), Defendant's Memorandum addresses only Rule 12(b)(6). (ECF 13-1, p. 2).

[5] Defendant's counsel includes this defense in the dispositive Motion (ECF 13), but does not develop it in the accompanying Memorandum. (ECF 13-1).

[6] Plaintiff has provided exhibits to demonstrate his exhaustion of administrative remedies (ECF 1, ECF 19). This case will not be dismissed for lack of exhaustion.

affidavit and prison library records in support of the dispositive motion. (ECF 13-2, ECF No. 13-3). Pursuant to the holding in *Roseboro v. Garrison*, 528 F.2d. 309 (4th Cir. 1975), Reid, who is self-represented, was notified that he was entitled to file an opposition response with supporting materials. (ECF 14). As Plaintiff filed an opposition with exhibits (ECF 18) and a Cross Motion for Summary Judgment, the Court deems it appropriate to consider Defendant's Motion as one for summary judgment.

**DISCUSSION**

Federal Rule of Civil Procedure 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a) . Whether a fact is material depends upon the substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Accordingly, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247–48. "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.' "*Bouchat v. Balt. Ravens Football Club, Inc*., 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed.R.Civ.P. 56(e)). The court must view the evidence in the light most favorable to the nonmovant and draw all justifiable inferences in his favor. *Greater Balt. Center for Pregnancy Concerns, Inc., v. Mayor & City Counsel of Balt.*, 721 F.3d 264, 283 (4th Cir. 2013). At the same time, the Court must not yield its obligation "to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (citation and internal quotation marks omitted). Defendant's defenses and arguments will be evaluated in the context of this standard.

Reid avers he is being denied his constitutional right to obtain educational books as reading material, but does not particularize the constitutional provision or federal law upon which his claims are predicated. In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must: 1) "allege the violation of a right secured by the Constitution and laws of the United States;" and 2) "show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir.), cert. denied, — U.S. ——, 132 S.Ct. 112 (2011). As noted, Reid does not identify what constitutional provision guarantees inmates a right to "educational" reading material. Further, Reid does not claim returning his books impinged on his right to access the courts or practice religion, which may give rise to constitutionally protected rights. Indeed, he asserts Defendant's exhibit showing that Reid was provided legal materials (ECF 13-2) is "irrelevant to the case and facts." (ECF 19, p. 1). Thus, the Court finds the Complaint fails to state a cognizable federal claim, and will enter summary judgment in favor of Defendant.

A separate order will issue.

Date: March 31, 2015

/s/
William M. Nickerson
Senior United States District Judge